April Term, 1881.

CASE No. 1120.

## EX PARTE DUNOVANT.

1. The time at which this court loses its jurisdiction of a cause is determined by the proper issuing of the *remittitur* by the clerk of the Supreme Court, and not by its filing or receipt by the clerk of the Circuit Court.
2. Filing a full copy of the opinion of this court with the clerk of the court below causes this court to part with its jurisdiction of the case.
3. The filing in this court of a petition for rehearing does not, of itself, operate as a stay of *remittitur*. There must be an order of stay from one of the justices.
4. Clerical errors in the title of a case and the misspelling of a word—mistakes which were not misleading—do not invalidate a *remittitur*.
5. A party loses his right to a rehearing in this court, where he fails to make his application at the proper time and in the proper manner.
6. Where a petition for rehearing is based upon alleged errors committed by this court in the conclusions drawn from the testimony, or upon after-discovered evidence, the petition will be refused.
7. This court cannot, under the constitution, consider a question of rehearing upon the ground of after-discovered evidence, until the matter has been passed upon on Circuit and brought here by appeal.

————

Petition for rehearing of the case of *Brooks* v. *Brooks*, 12 *S. C.* 422, filed by R. G. M. Dunovant for himself and as guardian *ad litem* for his children, and by J. C. Lark and James Mansfield, creditors of J. C. Brooks. The reporter has been furnished with a copy of the points of counsel, but not with a copy of the petition. At the same time at which this petition for rehearing was argued, the main case was again argued in this court on its second appeal. See "Notes of Causes" at the end of this volume, No. 1119, *Brooks* v. *Brooks*.

*Messrs. A. J. Norris* and *H. W. Addison,* for petitioners.

*Messrs. Simonton & Barker,* contra.

November 21st, 1881. The opinion of the court was delivered by

McIVER, A. J.   This is a petition for rehearing, (filed May 10th, 1881,) in which the petitioners ask that the judgment of this court, rendered at a former term, be opened and the cases be reheard upon certain points mentioned in the petition.

The former judgment of this court was filed on October 3d, 1879, and the *remittitur* in the usual form was issued by the clerk of this court on October 16th, 1879, and on December 17th, 1879, the full copy of the opinion of this court was filed in the office of the clerk of the Circuit Court, in which, however, there were some clerical errors in stating the names of the parties in the title of the case and in the spelling of the word "*remittitur*," the letter "*n*" being substituted for the letter "*m*." At a previous term of this court the petitioners herein filed a petition for rehearing, to wit, on December 13th, 1879, which was dismissed upon the ground that, the *remittitur* having been sent down, this court had lost its jurisdiction of the case.   It is now alleged that this court was then misled as to the fact of the *remittitur* having been sent down.   It is true that at the time the first petition for rehearing was filed the full copy of the opinion of this court had not been sent down to or filed with the clerk of the Circuit Court, but the *remittitur* in the usual form had been sent and this court had thereby lost its jurisdiction, as has been repeatedly decided.   *Pringle* v. *Sizer*, 3 *S. C.* 335; *Whaley* v. *Bank*, 5 *S. C.* 262; *Adger & Co.* v. *Pringle*, 13 *S. C.* 33; *Ex parte Dial*, 14 *S. C.* 584.

The mere filing of the petition for rehearing in this court could not have the effect of staying the *remittitur*, even if it had not been previously sent, without an order to that effect.   Rule XX. of this court provides for a stay of the *remittitur* for ten days after the final determination in this court, for the very purpose of enabling parties to apply to either one of the justices at chambers for a further stay in case they may desire to file a petition for rehearing; but if no such application is made and no order granted for a further stay, then it is the duty of the clerk of this court, at the expiration of the ten days, to transmit the *remittitur* to the court below, whereupon this court parts with its jurisdiction in the case and can no longer grant any order therein. The fact that the *remittitur* may not have been filed in the Circuit

Court does not affect the question of the jurisdiction of this court. When this court, through its proper officer, the clerk, acts by issuing the *remittitur*, it parts with its jurisdiction, and the failure of the clerk of the Circuit Court to file it there, or the failure of the parties to obtain an order from the Circuit Court making the judgment of this court the judgment of that court, cannot affect the question of the jurisdiction of this court.

But even if the paper first sent down to the Circuit Court should not be regarded as a proper *remittitur*, yet as it appears that the full copy of the opinion of this court was filed in the office of the clerk of the Circuit Court on December 17th, 1879, before there was any order of this court or of any of the justices thereof staying the *remittitur*, it is clear that this court then, if it had not before, lost its jurisdiction of the case.

The objection based upon the clerical errors in the title of the case and in the spelling of the word "*remittitur*," cannot be sustained, for it is quite manifest that these purely clerical errors were not such as would be calculated to mislead the parties.

It is very manifest, therefore, that this court had lost its jurisdiction of the case, not only when the present petition was filed, but also when the previous one was presented.

It is always a matter of regret that parties should lose the opportunity of showing what they honestly believe to be errors of the court, and if we believed that we had the power to do so we would gladly extend to the petitioners the privilege of pointing out what they believe to be errors in the former decision of this court. But remedies in a court of justice must be administered according to the laws granting them, and we have no power to dispense with the rules of law. Every party to a cause is entitled to his right of appeal from a judgment which he may think erroneous, but unless he takes his appeal within the time and in the manner prescribed by law, he loses this right, even though the judgment against him may be manifestly erroneous. So here, every party considering himself aggrieved by what he regards an erroneous decision of this court may apply for a rehearing upon certain well-established grounds; but if he fails to make this application within the proper time and in the proper manner, he loses the right to have his application heard.

We have, however, looked into the grounds relied upon in this petition and are satisfied that even if the application for a rehearing had been made within the proper time and in the proper manner, it could not be granted. In *Hunt* v. *Smith,* 3 *Rich. Eq.* 541, it was held that a rehearing could be granted on only two grounds: *First.* For error of law apparent on the face of the decree. *Second.* Because of newly-discovered testimony, which must be such as the party seeking a rehearing was not only not aware of before the trial, but such as he could not, by proper diligence and inquiry, have discovered in time for use at the former trial. In *Simpson* v. *Watts,* 6 *Rich. Eq.* 364, it was held that it was not enough that the new matter came to the knowledge of the party after the fit time for the use of it, but he must show that he could not have acquired knowledge of it in time for effective use by the exercise of reasonable diligence. Again, it is said in *Hunt* v. *Smith, supra:* "The ground set down in this petition for a rehearing is nothing more than alleged error of judgment on the part of the court in deciding a question of fact. This is a very good ground of appeal, if well founded, when an appeal is taken from a lower to a higher tribunal, but I am not aware of any precedent for such cause being considered a ground for rehearing after a cause had been finally adjudicated." In support of this doctrine the case of *Johnson* v. *Lewis,* 1 *Rich. Eq.* 390, was cited by the learned chancellor delivering the opinion of the court, in which it was held that a petition for rehearing should not be granted for a supposed error in the conclusion drawn by the court from doubtful or equivocal evidence. This will be found to be a very strong case, for in it the rule above stated was applied when the cause was decided by two chancellors, in opposition to the opinion of one of the members of the court and of the absent chancellor who heard the case on circuit—the Court of Appeals at that time consisting of four chancellors.

We may say, however, in order to avoid misapprehension, that we do not see how *this* court could, in any case, grant a rehearing upon the ground of after-discovered evidence. With the exception of certain specified powers, which have no relation to cases of this kind, this court has no original jurisdiction, but

has " appellate jurisdiction *only* in cases of chancery " and is a court " for the correction of errors at law." Hence, when a case is brought here by appeal from the Circuit Court we are confined to the consideration of alleged errors committed by that court, and, of course, therefore, we are restricted to the consideration of the case as made in the Circuit Court. If, therefore, after a trial in the Circuit Court a party wishes to avail himself of the benefit of after-discovered evidence, his application should be made, in the first instance, to that court, as we have no jurisdiction to consider the question until after it has been passed upon by the Circuit Court and brought here by appeal from the determination of that court.

Now, upon looking into the petition in this case it will be seen that the various grounds relied upon are based either upon alleged errors committed by the court in the conclusions drawn from the testimony or upon after-discovered testimony, which it is not even alleged that the parties could not, by the use of due diligence, have obtained in time for use at the former trial, and under the authorities above cited, these grounds would not be sufficient to warrant this court or the court below in granting a rehearing.

The judgment of this court is that the petition for rehearing be dismissed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.